UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEWAYNE D. KNIGHT,

                Plaintiff,

v.                                          Case No. 21-cv-616-pp

ZACHARY LANGE,

                Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff DeWayne D. Knight, who is in custody at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant was deliberately indifferent to the risk the plaintiff posed to his own health and safety. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C.

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 20, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $48.31. Dkt. No. 5. The plaintiff paid that fee on June 7, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.      Screening the Complaint**

   A.      Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff has sued correctional officer Zachary Lange for an incident that occurred at Waupun, where the plaintiff was incarcerated and where the defendant works. Dkt. No. 1 at ¶¶6-8. The plaintiff alleges that on July 19, 2020, he was in an observation cell in the Restricted Housing Unit ("RHU"). Id. at ¶9. He was on observation status because he had attempted to asphyxiate himself with a bed sheet. Id. at ¶11. Lange was assigned to the RHU. Id. at ¶10. The plaintiff says that as part of Lange's duties while working in the RHU,

Lange conducted "clinical observation checks every 15 minutes and document[ed] his observations." Id.

The plaintiff alleges that around 4:00 p.m., Lange witnessed the plaintiff in his cell "biting on his right wrist." Id. at ¶12. The plaintiff says he told Lange, "I'm going to keep doing this, until ya'll strap me down." Id. Lange allegedly said nothing and did not intervene or inform a sergeant or supervisor of the plaintiff's actions. Id. at ¶13. Lange conducted nine observation checks of the plaintiff between 4:00 p.m. and 6:15 p.m. Id. at ¶14. The plaintiff continued to bite his wrist during that time and eventually chewed "a nickel sized 'hole' in his wrist." Id. at ¶15. He says Lange watched him bite the hole in his wrist but made no effort to intervene and did not even tell him to stop. Id. at ¶¶16-18.

The plaintiff asserts Lange violated prison policy by failing to notify security staff about the plaintiff's self-harm. Id. at ¶19. He also asserts that Lange's failure to act violated his rights under the Eighth Amendment. Id. at ¶¶21-23. The plaintiff seeks compensatory and punitive damages. Id. at 7.

C. Analysis

The plaintiff's allegations that Lange failed to intervene and stop him from harming himself amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious

harm." Id. The risk of harm may come from an inmate's act or threat of self-harm "up to and including suicide." Miranda v. Cty. of Lake, 900 F.3d 335, 349 (7th Cir. 2018). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837). The plaintiff must allege that the prison official had "actual, personal knowledge of a serious risk, coupled with the lack of any reasonable response to it." Ayoubi v. Dart, 724 F. App'x 470, 474 (7th Cir. 2018) (citing Farmer, 511 U.S. at 837, 844–45).

The plaintiff alleges that he was in an observation cell in the RHU because he had attempted to kill himself. He says that over a period of over two hours, he bit and chewed at his wrist until he had removed a nickel sized chunk of flesh. The plaintiff alleges that during that time, Lange checked on the plaintiff nine times, and each time he observed the plaintiff biting at his wrist. Lange allegedly failed to intervene to stop the plaintiff from harming himself, did not notify a sergeant or supervisor and did not tell the plaintiff to stop. Although the plaintiff does not say whether he received treatment for his injury, the court can infer that he would have needed medical attention to address such a wound. See Lucio v. Oelberg, No. 15-cv-4103-SLD, 2018 WL 810493, at *7 (C.D. Ill. Feb. 8, 2018) (citing Gray v. Hardy, 826 F.3d 1000, 1006 (7th Cir. 2016)) (finding that an errant bed spring that ripped a three to

5

five centimeter piece of flesh out of the plaintiff's leg was "a serious physical injury" that "a 'reasonable doctor or patient would find important and worthy of comment or treatment'"). Given that the plaintiff was on observation status in the RHU for attempted suicide, his allegations of repeated self-harm for over two hours supports a claim that he was at substantial risk of serious harm to himself. The plaintiff's allegations that Lange was aware of the self-harm and failed to act are sufficient at the pleading stage to state a claim for deliberate indifference. The court will allow the plaintiff to proceed on an Eighth Amendment claim against Lange.

The plaintiff also alleges that Lange violated a prison policy requiring him to notify security staff about the plaintiff's self-harm. But §1983 "protects against 'constitutional violations, not violations of . . . departmental regulation[s] and . . . practices.'" Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017) (quoting Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003)). Even if Lange violated a prison policy, that fact, standing alone, does not establish a constitutional violation and cannot be a basis for relief under §1983. See Pulera v. Sarzant, 966 F.3d 540, 551 (7th Cir. 2020). The court will not allow the plaintiff to proceed on a claim related to Lange's alleged violation of prison policy.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

6

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Zachary Lange. Under the informal service agreement, the court **ORDERS** the defendant to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$301.69** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

7

Case 2:21-cv-00616-PP   Filed 07/20/21   Page 7 of 9   Document 7

The court **ORDERS** that plaintiffs who are in custody at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are in custody at all other prison facilities must send the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

the court advised of his address may result in the court dismissing the case without further notice.

Dated in Milwaukee, Wisconsin this 20th day of July, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**
